Judge Unedrwood,
delivered the opinion of the Court.
Haden Edwards was apprehended and brought before the mayor of the city of Louisville, to answer a charge for setting up and keeping a faro table, contrary to the stathte. The parties not being reacb'f°r trial,the mayor admitted Edwards to bail and took .his recognizance, with T. G. Johnson as surety, to appear in the mayor's court oti the ensuing Saiurdadi for trial. Edwards did not appear, and the mayor returned the recognizance to the clerk’s office of the circuit court, for Jefferson county." The circuit cour^ a^ their May term, 1828, ordered that said recognizance be quashed, and added, that “the defendant be, from this prosecution, and he is hereby discharged* ar*d may go hence thereof, without day.” Edwards was not in court when the otder was made. The commonwealth has brought the Case to this court for reversal, and has assigned for errof the quashal of the Recognizance and the discharge of Edwards. The recognizance and all the proceedings had in relation to it, are nullities in law. In the first place* the mayor bad no right to take such a recognizance. His authority in relation to criminals, is the same as that vested by law in two justices. See sixth section of the act 1828, incorporating the city of Louisville. These are authorized to inquire into the truth of criminal charges, and to commit the accused or to take a reeognizance in bailable cases, for the appearance of the accused before the circuit coürt, on the first day of the next succeeding term. 1 Dig. 405. No power is given to take recognizances for the appearance of the-accused, before the justices at a distant day, for trial, The whole tenor of the act indicates that it is the duty ¿f the justices to make the inquiry without such delay, and the practice is, to hold the accused in custody* should it be necessary, from unavoidable causes, to delay a day or more. Justices have no authority to enforce recognizances when violated. Circuit courts *353 have no authority to enforce any recognizances except those taken by them, or such as are returned to them by the express provisions of law. We have found no law which allows circuit courts to take jurisdiction of recognizances taken for the appearance of the accused before the justices. The mayor had no authority and the recognizance taken by him, in this instance, is void. The clerk of the circuit court had nothing,to do with it, as it was not such a recognizance as the law requir; ed should be returned to his office, and the circuit «court had just as little to do with it as the clerk. Thé order quashing it, is wholly inoperative, because it was a nullity without it, and the court had lib jurisdiction. The balance of the order purporting to dischargé and acquit Edwards from a crime; when he was not in court, when he had not been indicted, is equally without authority, and void upon its face, and cannot have the effect supposed in argument, to bar other proceedings against him. The whole case is one in which the circuit court acted without authority; and cannot^ therefore, by such an action; give this court jurisdiction; See Beasley vs. Simms, 4 Bibb, 268. Wherefore, the writ of error is dismissed.
Denny, Attorney General, for commonwealth; Crittenden, tor defendants.